UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE FARLEY,
#184082,

       Petitioner,                              Civil Action No. 15-CV-13899

vs.                                   HON. BERNARD A. FRIEDMAN

JOHN CHRISTIANSEN,

       Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

        Petitioner, an inmate at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, petitioner challenges his conviction for first-degree home invasion, MICH. COMP. LAWS § 750.110a(2), and for being a fourth habitual offender, MICH. COMP. LAWS § 769.12. For the following reasons, the Court shall deny the petition. The Court shall also deny petitioner a certificate of appealability and leave to appeal in forma pauperis.

**I. BACKGROUND**

        Petitioner was convicted following a jury trial in Macomb County Circuit Court, and his conviction was affirmed by the Michigan Court of Appeals and Supreme Court. *See People v. Farley*, No. 310254, 2013 WL 6084198 (Mich. Ct. App. Nov. 19, 2013); *lv. den.* 849 N.W.2d 365 (Mich. 2014). The relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review, *see* 28 U.S.C. § 2254(e)(1), are as follows:

            The homeowner testified that she found defendant in her house, without her permission, after she came back inside after dropping a trash bag in a trash can and picking up trash that had been strewn on

1

the side of her house. After struggling with defendant, he fled. A short while later, her neighbor called to inform her that he found her purse thrown on the deck in his yard.

*Farley*, 2013 WL 6084198, at *2.

On November 4, 2015, petitioner filed the instant habeas petition, which this Court held in abeyance on October 20, 2017, so that petitioner could exhaust additional claims. *See* ECF No. 14. Petitioner proceeded to file a post-conviction motion for relief from judgment with the trial court, which was denied. *See* ECF No. 24-4. Petitioner was also denied leave to appeal. *See* ECF Nos. 24-5, 24-6. This case was subsequently reopened, and petitioner was permitted to amend his habeas petition. *See* ECF No. 21.

Petitioner now seeks habeas relief on the following grounds:

I. Trial court erred when it denied the Petitioner's counsel's motion for a directed verdict of acquittal. Also, ineffective assistance of counsel.

II. The trial court erred when it failed to suppress witness Timocko's testimony based on illegal procedure used by the police. Also, ineffective assistance of counsel. Witness Timocko perjured himself on the record by stating he never saw Petitioner before pointing him out during the trial. There is a 37th District Court video in Warren, Michigan showing witness Timocko.

III. Trial court erred when prosecutor failed to provide defense counsel statements, police reports critical to the Petitioner's defense. Also, ineffective assistance of counsel.

IV. Trial court erred when it admitted faulty DNA evidence without proper foundation and admitting hearsay lab report. Also, ineffective assistance of counsel.

V. Trial court erred when it allowed the prosecutor to commit misconduct. Also, ineffective assistance of counsel.

VI. Trial court erred in sentencing Petitioner in excess of maximum term and assuming Petitioner was not sentenced as a fourth habitual. Also, ineffective assistance of counsel.

VII. Trial court erred in sentencing Petitioner in excess of maximum term and assuming Petitioner was sentenced as a fourth habitual. Also, ineffective assistance of counsel.

VIII. Trial court abused its discretion by denying the Petitioner's motion for relief from judgment insomuch as his appellate counsel failed to raise the ineffectiveness of trial counsel on direct appeal. Also, ineffective assistance of counsel.

IX. The trial court abused its discretion by finding appellate counsel was effective when she neglected to raise the ineffectiveness of trial counsel who failed to provide the Petitioner with competent advice during the plea bargaining process.

ECF No. 18, PageID.1188-89.

## II. STANDARD OF REVIEW

Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In defining the term "contrary to," the Supreme Court has explained:

First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

3

*Williams v. Taylor*, 529 U.S. 362, 405 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.

Under this deferential standard of review, a federal court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.  Rather, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).  *See also Woods v. Etherton*, 578 U.S. 113, 113 (2016) (indicating that as long as it is within the "realm of possibility that a fairminded jurist" could find the state court decision to be reasonable, the habeas petition should be denied).  "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted).

## III. DISCUSSION

### A.  Claim I:  Petitioner's Directed Verdict or Insufficient Evidence Claim

Petitioner first argues that the trial court erred in denying his motion for a directed verdict, because there was insufficient evidence to convict him of the charge.  "An argument regarding the [trial] court's failure to direct a verdict of acquittal . . . is construed as an attack on the sufficiency of the evidence." *United States v. Cope*, 312 F.3d 757, 778 (6th Cir. 2002).  The Supreme Court has stated that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  The crucial question is "whether

the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."

*Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  However,

> this inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.  Instead, the relevant question is whether, after the evidence is viewed in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 318-19 (internal citation, quotation marks, and footnote omitted; emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because it disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard.  *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (noting that "[b]ecause rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold").  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality."  *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).  A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under AEDPA."  *Id.*

Pursuant to MICH. COMP. LAWS § 750.110a(2),

> [a] person who breaks and enters a dwelling with intent to commit a felony or a larceny in the dwelling or a person who enters a dwelling without permission with intent to commit a felony or a larceny in the dwelling is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> (a) The person is armed with a dangerous weapon.
> (b) Another person is lawfully present in the dwelling.

Petitioner's acts of entering the victim's home without her permission while she was at home and stealing her purse were sufficient to establish the elements of first-degree home invasion under Michigan law.

Petitioner's primary claim is that there was insufficient evidence to establish his identity as the perpetrator. Under Michigan law, "[t]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x 147, 150 (6th Cir. 2003) (citing *People v. Turrell*, 181 N.W.2d 655, 656 (Mich. Ct. App. 1970)).

The Michigan Court of Appeals rejected petitioner's claim for the following reasons:

> With regard to the element of identity, defendant argued in his motion for a directed verdict that the description the homeowner gave to the police immediately after the intrusion was so different from defendant's actual height and age that the homeowner lacked credibility. However, trial courts are not permitted to evaluate witnesses' credibility in ruling on motions for a directed verdict. Further, the homeowner provided a sensible reason for each disparity. The homeowner testified that defendant seemed taller than he is because she attempted to deduce defendant's height based on her own when he had her pushed up against a door and they were face-to-face. The homeowner also testified that defendant looked younger than he is because, on the night of the intrusion, he was clean-shaven, "[h]is face was kind of gaunt," and she "saw no markings of an older person," such as wrinkles. In addition, there was expert testimony that defendant was a major contributor to DNA recovered from a button found in the house, which had contained green and white fibers that matched the homeowner's description of the intruder's shirt. Although defendant's expert challenged this evidence, that testimony was heard after defendant's motion for a directed verdict. Thus, given the deference afforded to the prosecution, there was sufficient evidence for a rational trier of fact to conclude that the element of identity was proven beyond a reasonable doubt.

*Farley*, 2013 WL 6084198, at *2 (internal citations omitted).

The Michigan Court of Appeals' rejection of petitioner's argument was not irrational. First, by attacking the quality of the eyewitness identification, petitioner is, "in effect[,] asking this court to re-weigh the evidence. This [it] cannot do." *United States v. Campbell*, 18 F. App'x 355, 358 (6th Cir. 2001) (internal quotation marks omitted). Petitioner's "insufficient evidence argument rests on an allegation involving witness credibility, which is clearly the province of the jury and not this court." *Tyler v. Mitchell*, 416 F.3d 500, 505 (6th Cir. 2005).

Second, "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis*, 752 F.2d 1142, 1144 (6th Cir. 1985). In the present case, the victim unequivocally identified petitioner at trial as her assailant. *See* ECF No. 7-4, PageID.459-61. This evidence alone was sufficient to support petitioner's conviction. *See Brown v. Burt*, 65 F. App'x 939, 944 (6th Cir. 2003).

Third, additional evidence supported petitioner's conviction. "A conviction may be based upon circumstantial evidence as well as inferences based upon the evidence. The law does not require that the identity of a defendant be established by an eyewitness. Identity of a defendant can be inferred through circumstantial evidence." *Dell v. Straub*, 194 F. Supp. 2d 629, 647-48 (E.D. Mich. 2002) (citation omitted). In the present case, the DNA evidence recovered from the button that was found inside the victim's home constituted circumstantial evidence that established petitioner's identity as the perpetrator. *See Kelley v. Jackson*, 353 F. Supp. 2d 887, 892 (E.D. Mich. 2005) (stating that "DNA evidence provided circumstantial evidence that Petitioner committed" the crime for which he was convicted).

Because there were multiple pieces of evidence establishing petitioner's identity as the perpetrator of the home invasion in this case, the Michigan Court of Appeals did not

unreasonably apply *Jackson* in rejecting petitioner's insufficient evidence claim. Petitioner is therefore not entitled to relief on his first claim.

### B. Claims II-IX: Petitioner's Remaining Claims are Defaulted and/or Without Merit

Petitioner's remaining claims are procedurally defaulted for several reasons. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner fails to demonstrate cause for his procedural default, it is unnecessary for the Court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

Petitioner's claims involving the suggestive identification procedure (Claim II), the prosecutor's failure to turn over evidence to the defense (Claim III), the admission of the DNA evidence (Claim IV), prosecutorial misconduct (Claim V), and the sentencing-related claims (Claims VI-VII) are procedurally defaulted because petitioner failed to preserve them by objecting at trial. As a result, the Michigan Court of Appeals reviewed these claims for plain error only. *Farley*, 2013 WL 6084198, at *2-8 (stating that petitioner's Claims II-VII were not challenged at trial and that the court would therefore review each for plain error only). The Sixth Circuit has stated that contemporaneous objection rules, like that which exists under Michigan law, constitute "an adequate and independent state ground that bars federal habeas review absent a showing of cause and prejudice. Moreover, . . . a state appellate court's review for plain error [should be

viewed] as the enforcement of a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

In addition to the substantive challenges raised in Claims II-VII, petitioner argues that trial counsel was ineffective for failing to object to the errors alleged in each of the six claims. However, the Michigan Court of Appeals specifically found petitioner's ineffective assistance of counsel claims to be abandoned because he failed to adequately brief them. *See Farley*, 2013 WL 6084198, at *1 ("[D]efendant notes that every unpreserved issue may be reviewed on ineffective assistance of counsel grounds, but fails to address the merits of these arguments. Accordingly, these issues are also abandoned."). Under Michigan law, "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority. Such cursory treatment constitutes abandonment of the issue." *People v. Matuszak*, 687 N.W.2d 342, 353 (Mich. Ct. App. 2004) (citations omitted). A state court's conclusion that an argument was abandoned or waived on appeal constitutes a procedural default. *See Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012). Petitioner's ineffective assistance of trial counsel claims contained in Claims II-VII are therefore procedurally defaulted.

Petitioner's claims of ineffective assistance of counsel contained in Claim VIII are also procedurally defaulted because petitioner failed to raise them on direct appeal. Michigan Court Rule 6.508(D)(3) states:

> The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion . . . alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

9

> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
> (b) actual prejudice from the alleged irregularities that support the claim for relief.

The state trial court rejected defendant's ineffective assistance of counsel claims because

> Farley has failed to establish his claim of ineffective assistance of counsel. Accordingly, appellate counsel's failure to raise that claim cannot constitute ineffective assistance of appellate counsel because Farley cannot demonstrate that he was prejudiced by his appellate counsel's failure to do so. Thus, the Court concludes that Farley cannot demonstrate good cause for his failure to raise his claim of ineffective assistance of counsel on his direct appeal. Farley's motion for relief from judgment is properly denied.

ECF No. 24-4 at 9. Both the Michigan Court of Appeals and Michigan Supreme Court denied petitioner leave to appeal via form order. *See* ECF No. 24-5 (*Farley*, No. 347876 (Mich. Ct. App. July 3, 2019)) (denying defendant's application for leave to appeal "because the defendant has failed to establish that the trial court erred in denying the motion for relief from judgment"); ECF No. 24-6 (*lv. den.* 947 N.W.2d at 804 (stating that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)"). These orders, however, did not refer to subsection (D)(3), nor did they cite petitioner's failure to raise his claim on direct appeal as the basis for their ruling.

> Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or denial of relief on the merits, the orders are unexplained. We must therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection of [petitioner's] claim.

*Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). The state trial court's opinion, which clearly established the basis for its rejection of petitioner's claims, constitutes the last reasoned state court opinion and "present[s] a sufficient explanation that the ruling was based on procedural

default under Michigan law." *Friday v. Pitcher*, 99 F. App'x 568, 574 (6th Cir. 2004).  Petitioner's remaining ineffective assistance of trial counsel claims are therefore procedurally defaulted.

Further,

> "the Supreme Court has . . . held that a procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the "cause and prejudice" standard with respect to the ineffective assistance claim itself.

*Coleman v. Mitchell,* 268 F.3d 417, 432 (6th Cir. 2001).  Because petitioner has failed to advance any cause and prejudice argument in connection with his defaulted ineffective assistance of counsel claims, these claims cannot be used to establish cause for petitioner's substantive claims, which, as stated above, were also procedurally defaulted.

With respect to petitioner's ineffective assistance of appellate counsel claims, the Court finds that petitioner has not shown that appellate counsel was ineffective.  In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established a two-pronged test for claims of ineffective assistance of counsel:   the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense.

In assessing *Strickland*'s first prong, the Supreme Court has stated that

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . .  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id*. at 689 (internal quotation marks and citations omitted).

Further, it is well established that a criminal defendant does not have a constitutional right to have appellate counsel raise every nonfrivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. "A brief that raises every colorable issue runs the risk of burying good arguments— those that, in the words of the great advocate John W. Davis, 'go for the jugular,'—in a verbal mound made up of strong and weak contentions." *Id.* at 753 (citations omitted).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail." *Smith*, 477 U.S. at 536 (internal quotation marks omitted). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). As another judge in this district stated,

> [a]n appellate advocate may deliver deficient performance and prejudice a defendant by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claims on appeal. A 'dead-bang winner' is an issue which was obvious from the trial record, and one which would have resulted in a reversal on appeal.

*Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003) (internal quotation marks and citations omitted).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of reasonable professional assistance.   Appellate counsel filed a forty-nine-page appellate brief raising seven claims – the same claims raised by petitioner in his original habeas petition.[1]   Petitioner has not shown that appellate counsel's strategy in presenting these claims and not raising others was deficient or unreasonable.   Further, because petitioner's ineffective assistance of appellate counsel claims lack merit, appellate counsel's failure to raise the claims outlined in petitioner's post-conviction motion "does not constitute 'cause' to excuse the petitioner's default." *McMeans v. Brigano*, 228 F.3d 674, 682-83 (6th Cir. 2000).

Petitioner has failed to demonstrate cause for any of his procedurally defaulted claims.   It is therefore unnecessary for the court to reach the prejudice prong of the cause-and-prejudice analysis.   *See Smith*, 477 U.S. at 533.   Regardless, petitioner would be unable to demonstrate prejudice because his claims do not entitle him to relief.   "The cause-and-prejudice analysis is a conjunctive one, requiring a petitioner to satisfy both prongs to excuse a procedural default." *Matthews v. Ishee*, 486 F.3d 883, 891 (6th Cir. 2007).   For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's Claims II-VII and by the Macomb County Circuit Court in rejecting petitioner's Claims VIII-IX, petitioner has failed to show that his procedurally defaulted claims have merit.   Petitioner therefore cannot demonstrate actual prejudice as a result of the alleged violations of federal law.

Finally, "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).   The Sixth Circuit has explained:

---

[1] *See* Defendant-Appellant's Brief on Appeal, ECF No. 7-8, PageID.877-938.

> The threshold inquiry is whether new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.  In order to establish actual innocence, the petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.  Importantly, 'actual innocence' means factual innocence, not mere legal insufficiency.  The Supreme Court has cautioned that the actual innocence exception should remain rare and only be applied in the extraordinary case.  An actual innocence claim . . . is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.

*Reeves v. Fortner*, 490 F. App'x 766, 769 (6th Cir. 2012) (internal quotation marks and citations omitted).

Although petitioner claims that he has an alibi for the crime, the only evidence he presents in support of his alibi is an affidavit executed by his daughter Amanda Mourelo regarding the proposed alibi testimony that she would have provided at trial.  Mourelo avers that petitioner was living with her while he was on parole in 2009.  She further attests to their normal routine in the fall of 2009 of eating meals together at local restaurants, returning home before 9:00 p.m., and watching television together before they each went to sleep in their respective rooms.  However, Mourelo avers that she did not specifically remember the evening of the home invasion, October 20, 2009, but that she believes they followed their usual routine or habit.  *See* ECF No. 26-1, PageID.1643.  Because Mourelo's proposed testimony does not show that petitioner could not have committed the crime, it "does not demonstrate that, had it been presented to the jury, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."  *Reeves*, 490 F. App'x at 770.  This is therefore "not one of the rare, extraordinary cases that warrants equitable tolling because of actual innocence."  *Id*.  Consequently, and for the other reasons stated above, petitioner is not entitled to relief on Claims II-IX, as they are all defaulted and/or without merit.

14

## IV.  CONCLUSION

Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, as petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal in this case could be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

Dated: November 17, 2021
Detroit, Michigan

**s/Bernard A. Friedman**
BERNARD A. FRIEDMAN
SENIOR U.S. DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 17, 2021.

**Bruce Farley** #184082
CENTRAL MICHIGAN CORRECTIONAL
FACILITY
320 N. HUBBARD
ST. LOUIS, MI 48880

s/Johnetta M. Curry-Williams
Case Manager